CENTRAL TRUST CO. OF NEW YORK v. PEORIA, D. & E. RY. CO. et al.

BALDWIN v. CENTRAL TRUST CO. OF NEW YORK et al.

(Circuit Court of Appeals, Seventh Circuit.    October 19, 1900.)

No. 668.

RAILROADS—SUITS TO FORECLOSE MORTGAGES—INTERVENTION BY BONDHOLDER.
. A holder of second mortgage bonds of a railroad company, who was an active participant in litigation resulting in decrees foreclosing the mortgages on the property, and its sale thereunder, is not entitled to file a petition of intervention three years after such decrees were entered, at-

tacking the validity of the proceedings on account of an alleged fraudulent collusion between the receivers and other bondholders, by which the foreclosure of the first mortgages was brought about, where it does not appear that he has been deprived of any rights which were accorded to any other bondholder, or that he sustained any injury from such alleged fraud, if it existed.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

Charles A. Boston, for appellant.
Wm. S. Opdyke and Bluford Wilson, for appellees.

Before WOODS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

GROSSCUP, Circuit Judge, delivered the opinion of the court, as follows:

The facts of this case are substantially identical with those of Central Trust Co. of New York v. Peoria, D. & E. Ry. Co., 104 Fed. 418, in the matter of the intervening petition of Emerson Chamberlin, just decided, except in that case the proposing intervener was a stockholder, while in this case he is a holder of a second mortgage bond.

It appears that Baldwin, the appellant, has, at all times, been personally active in the litigation leading to the decrees; and has had personal knowledge of what was in progress. As a second mortgage bondholder, he had the alternative right, either to participate equally with others in the final plan of reorganization, or, standing out, to see to it that the road was sold for its full value. He does not show in his petition that he has been excluded from any opportunities afforded to other second mortgage bondholders in the reorganization plan; nor does he satisfactorily show that, had the conspiracy complained of never existed, the road would have remained unsold, or would have sold for a greater sum than was realized. Under these circumstances, the court rightly refused leave to file the intervening petition.

The decree will be affirmed.